**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**GLENDALE HOGGARD and
LUCY HOGGARD, on behalf of themselves
And all others similarly situated,**

      **Plaintiffs,**

      v.                                          Civil Action No. 1:17cv00099-ABJ

**NATIONSTAR MORTGAGE LLC
d/b/a CHAMPION MORTGAGE COMPANY,**

      **Defendant.**

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

      Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs Glendale and Lucy Hoggard ("Plaintiffs"), by counsel, and Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Champion") (collectively, the "parties"), by counsel, hereby agree to the following in order to protect the confidentiality of confidential information and documents that may be disclosed or obtained by the parties, or produced by non-parties, in connection with this case:

      1.      Any party or non-party may designate as "CONFIDENTIAL" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information not generally known to others which may involve trade secrets, or confidential business, personal, financial, technical and/or proprietary information or information that the party or non-party is contractually bound to keep confidential, for which special protection from public disclosure and from use for any purpose other than the prosecution of this action is warranted, subject to protection under the Federal Rules of Civil Procedure or District of Columbia law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.	A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific lines/pages of the transcript and/or specific responses be treated as "CONFIDENTIAL."  Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 7 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 7 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.	All information and documents produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information and/or documents are produced solely for the purpose of this case, including preparation for trial of this litigation and any related appellate proceeding, and shall be used for no other purpose including, but not limited to, any commercial or business purpose.

4.	Except upon prior order of this Court obtained after notice to all counsel, Confidential Information and/or Documents shall not be disclosed to any person other than:

    (a)	counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b)	employees of such counsel;

(c) the parties, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification and Declaration of Compliance attached to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown any Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.      Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures. Notwithstanding any agreement among the parties, the party that designated a paper filed under seal as "Confidential" pursuant to this Order bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material, explaining the grounds for the challenge.  After receipt of such written notice by the party or non-party who designated the material, the parties/non-parties shall have ten (10) days to attempt to resolve the dispute over the confidentiality designation themselves.  If the parties are unable to resolve the dispute, then the party or non-party who designated the material shall have an additional twenty (20) days (i.e. 30 days from the receipt of the written notice) to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

8.      Notwithstanding any challenge to the designation of material as Confidential Information, all designated material shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

        a.      the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

        b.      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the

4

material confidential within the time period specified above after receipt of a written challenge to such designation; or

  c.  the Court rules the material is not confidential.

 9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, upon request by the party or non-party, either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within that time period and certify in writing within thirty (30) days that the documents have been destroyed.

 10. Once this Order is entered, a party who responds to or objects to discovery requests and who withholds information otherwise discoverable, asserting that the information is privileged or subject to protection as trial preparation material, must assert the claim expressly and must describe the nature of the documents, communications, or things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection.  *See* Rule 26(b)(5), Federal Rules of Civil Procedure.

 11. Inadvertent production of privileged information shall not constitute a waiver of privilege. A producing party shall notify the receiving party in writing promptly after discovery of inadvertent or unintentional production. Within five business days of this notice, the receiving party shall return or destroy such inadvertently or unintentionally produced documents or information and all copies thereof, including those that have been shared with experts, consultants,

and vendors, and confirm in writing that all such documents or information have been returned or destroyed. No use shall be made of such documents or information during depositions, through motion practice, or at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written notice to the parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

14. The terms of this Order are subject to modification or dissolution by the Court, sua sponte, after notice to all counsel and an opportunity to be heard.

Dated: July 13, 2017

TYCKO & ZAVAREEI LLP

By: /s/ Lorenzo B. Cellini
Lorenzo B. Cellini

*Attorneys for Plaintiffs*

TROUTMAN SANDERS LLP

By: /s/ John C. Lynch
John C. Lynch

*Attorneys for Defendant*

**IT IS SO ORDERED.**

Dated: ________________________

________________________________
Hon. Amy Berman Jackson
United States District Judge

**EXHIBIT A**

Certification and Declaration of Compliance

I, _____, certify that I have been provided a copy of the Stipulated Confidentiality Protective Order entered in the lawsuit captioned *Hoggard et al. v. Nationstar Mortgage LLC*, Case No. 1:17-cv-00099-ABJ, which is currently pending in the United States District Court for the District of Columbia. I have read the Stipulated Confidentiality Protective Order, and I agree to be bound by its provisions as a condition of receiving certain confidential information, which has been identified to me. I promise not to make use of this confidential information for any purpose other than my role in the aforementioned lawsuit. I consent to being subject to the continuing jurisdiction of the United States District Court for the District of Columbia in regard to all matters relating to the Stipulated Confidentiality Protective Order, including, without limitation, the enforcement of the Stipulated Confidentiality Protective Order.


DATED: _____     SIGNED: _____


                                                              PRINTED NAME: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2017, a copy of the foregoing was filed using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Lorenzo B. Cellini
Lorenzo B. Cellini